**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 10-4543**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JEREMY KISER,

Defendant - Appellant.

Appeal from the United States District Court for the Southern District of West Virginia, at Charleston. Joseph R. Goodwin, Chief District Judge. (2:06-cr-00151-1)

Submitted: December 29, 2010       Decided: January 18, 2011

Before GREGORY, SHEDD, and AGEE, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Mary Lou Newberger, Federal Public Defender, Jonathan D. Byrne, Appellate Counsel, David R. Bungard, Assistant Federal Public Defender, Charleston, West Virginia, for Appellant. R. Booth Goodwin, II, United States Attorney, Lisa G. Johnston, Assistant United States Attorney, Charleston, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jeremy Kiser appeals the district court's order revoking his supervised release and sentencing him to twenty-four months in prison. Kiser argues that his sentence is plainly unreasonable. We affirm.

This court will affirm a sentence imposed after revocation of supervised release if it is within the applicable statutory maximum and is not plainly unreasonable. United States v. Crudup, 461 F.3d 433, 437, 439-40 (4th Cir. 2006). We first assess the sentence for reasonableness, "follow[ing] generally the procedural and substantive considerations that we employ in our review of original sentences, . . . with some necessary modifications to take into account the unique nature of supervised release revocation sentences." Id. at 438-39.

Only if a sentence is found procedurally or substantively unreasonable will we "decide whether the sentence is plainly unreasonable." Crudup, 461 F.3d at 439 (emphasis omitted). Although the district court must consider the Sentencing Guidelines Chapter 7 policy statements and the requirements of 18 U.S.C.A. §§ 3553(a), 3583 (West 2000 & Supp. 2009), "the [district] court ultimately has broad discretion to revoke its previous sentence and impose a term of imprisonment up to the statutory maximum." Crudup, 461 F.3d at 439 (internal quotation marks and citations omitted).

Kiser argues that the district court's sentence is plainly unreasonable because it fails to adequately further the goals of supervised release. Our review of the record leads us to conclude that the district court carefully evaluated Kiser's failure to meaningfully cooperate with his probation officer and the court during his period of supervised release. We accordingly conclude that the sentence imposed by the district court is not plainly unreasonable, and we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3